UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK EVELIO GONZALEZ DIAZ,

Petitioner,

v.

Case No. 2:26-cv-1952-KCD-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner Frank Evelio Gonzalez Diaz, a Cuban national, has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition. (Docs. 7, 16.) For the reasons below, the petition is **GRANTED**.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is

no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Applied here, Diaz satisfies the initial temporal requirement. ICE took him into custody over six months ago. Because the period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Diaz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal. He does so by pointing to the fact that his removal is speculative—there are no travel plans or documents. (Doc. 1 at 11-12.) Indeed, the Government has had many years to deport Diaz, and it has failed. This is more than enough reason to believe his removal is nowhere in sight.

The burden thus shifts to the Government to rebut Diaz's showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic agreements, and no concrete evidence that Diaz will be removed in the near future. (Docs. 6, 6-5.) Instead, the Government proffers that Diaz refused removal to Mexico

back in March. (Doc. 16-1.) But there is no indication that the Government has made any effort to remove Diaz to Mexico since then. At bottom, because the Government offers nothing to suggest that his removal to Mexico, or anywhere else, is more likely now than it was decades ago, Diaz must be released.

## III. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Diaz will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his prior order of supervision. To the extent Diaz raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Frank Evelio Gonzalez Diaz from custody within 48 hours of this Order under the prior conditions of supervision, which Petitioner must continue to comply with.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on August 17, 2026.

Kyle C. Dudek
United States District Judge